```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     CENTRAL DISTRICT OF CALIFORNIA
10  JOHNNY ALVAREZ,                  )  CASE NO. ED CV 11-588 VBF (PJW)
                                     )
11             Petitioner,           )  ORDER TO SHOW CAUSE WHY PETITION
                                     )  SHOULD NOT BE DISMISSED
12        v.                         )
                                     )
13  DOMINGO URIBE, JR.,              )
                                     )
14             Respondent.           )
                                     )
15
```

16         On March 29, 2011, Petitioner submitted the instant Petition for
17  Writ of Habeas Corpus, seeking to challenge his 2003 state conviction
18  for assault with a firearm.  (Petition at 2.)  For the following
19  reasons, Petitioner is ordered to show cause why his Petition should
20  not be dismissed because it is untimely.
21         State prisoners seeking to challenge their state convictions in
22  federal habeas corpus proceedings are subject to a one-year statute of
23  limitations.  28 U.S.C. § 2244(d).  District courts are empowered to
24  examine the timeliness of a petition *sua sponte*.  *See Day v.*
25  *McDonough*, 547 U.S. 198, 209-10 (2006).  Here, it appears that
26  Petitioner's conviction became final in November 2008, 90 days after
27  the California Supreme Court denied review and the time expired for
28  him to petition the United States Supreme Court.  (Petition at 3.)

*See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, the statute of limitations expired one year later, in November 2009. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file this Petition until March 2011, more than 16 months after the deadline.

Though, presumably, the statute of limitations was tolled while Petitioner's state habeas corpus petitions were pending, his second and final petition was denied by the superior court on November 10, 2009. (Petition at 4.) Assuming Petitioner was entitled to tolling from November 2008 to November 2009, his Petition would have been due no later than November 2010. Thus, he would still be late.

IT IS THEREFORE ORDERED that, no later than **May 16, 2011**, Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED:   April 14, 2011.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\ALVAREZ, J 588\OSC dismiss pet.wpd